**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4378

TIMOTHY WAYNE CROOK,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-98-145)

Submitted: September 28, 1999

Decided: October 19, 1999

Before NIEMEYER and MICHAEL, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Mary Lou Newberger,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Charles T. Mil-
ler, First Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Wayne Crook pleaded guilty to deprivation of civil rights, 18 U.S.C.A. § 245(b)(2)(A) (West 1994 & Supp. 1999), and was sentenced by a magistrate judge to twelve months in prison. Crook appealed his sentence, and the district court affirmed. Crook now appeals to this court. Finding no error, we affirm.

On December 9, 1998, racially offensive flyers* appeared on a number of bulletin boards at Concord College in Athens, West Virginia. The flyers also appeared in the mail boxes of approximately sixteen African-American students at the college. It is undisputed that Crook was responsible for creating and distributing the flyers. Federal Bureau of Investigation (FBI) agents investigating the incident spoke to Britton Crouse, who had seen Crook with the flyers. Crouse informed the agents that on December 19, Crook had approached him at a gym and told him to "keep this quiet." In May 1998, Crook learned that he was a target of the FBI's investigation. Subsequently, Stephanie French and Eric Richie, who knew both Crook and Crouse, informed Crouse that Crook had conveyed to them both his dismay over Crouse's cooperation with the government and his apparent intention to harm Crouse.

Crook's base offense level was ten. See U.S. Sentencing Guidelines Manual § 2H1.1(a)(3) (1998). An additional three points were added because the crime was motivated by race. See USSG § 3A1.1(a). Two points were added because the district court found that Crook's threats to Crouse constituted obstruction of justice, see USSG § 3C1.1. The district court determined that no adjustment for accep-

_____

*According to the presentence report, the flyer declared open hunting season on "niggers" and contained several violent and racially offensive statements.

2

tance of responsibility was warranted. See USSG § 3E1.1. With a resulting offense level of fifteen and a criminal history category of I, Crook's guideline range was 18-24 months. The magistrate judge sentenced Crook to the statutory maximum of twelve months.

Crook appealed his sentence to the district court, which affirmed. He now appeals to this court, claiming that the magistrate judge erred when she imposed the enhancement for obstruction of justice and refused to decrease his offense level for acceptance of responsibility. We review for clear error both the finding that Crook obstructed justice, see United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995), and the finding that he was not entitled to a reduction based on acceptance of responsibility. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

An enhancement is proper under USSG § 3C1.1 if the defendant "threaten[s] . . . a co-defendant, witness, or juror, directly or indirectly, or attempt[s] to do so." USSG § 3C1.1, comment. (n.4(a)). There must be evidence that the threat is made under circumstances in which there is some likelihood that the witness will learn of the threat. See United States v. Brooks, 957 F.2d 1138, 1149-50 (4th Cir. 1992).

In the instant case, Stephanie French testified at Crook's sentencing that Crook had expressed to her his frustration that Crouse was cooperating with the government. During their conversation, Crook told French that he would like to find Crouse and "stomp his ass." French informed Crouse of this conversation. Eric Richie also testified at Crook's sentencing. Like French, Richie knew both Crook and Crouse. Crook told Richie that Crouse had "ratted" on him and that he intended to find Crouse. On the basis of this conversation, Richie went to Crouse's place of employment and told him what Crook had said.

Given this testimony, the magistrate judge did not clearly err in finding that Crook had obstructed justice. His conversations with French and Richie contained threats towards Crouse, and those threats were conveyed to Crouse through Richie and French.

We therefore find that the two-level increase for obstruction of justice was proper. We further find that the facts of this case are not so

3

extraordinary as to justify an exception to the general rule that no reduction in offense level for acceptance of responsibility is warranted when the defendant is found to have obstructed justice. <u>See</u> USSG § 3E1.1, comment. (n.4). We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4